# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:18CV-P812-CRS

**JEROME THOMAS WEST**  **PLAINTIFF**
**A/K/A PATRICK WAYNE WOKULICH**

v.

**LOUISVILLE METRO DEPT. OF CORRECTIONS**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jerome Thomas West A/K/A Patrick Wayne Wokulich, filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claim and give him an opportunity to amend his complaint.

## I.

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues LMDC as the sole Defendant. Plaintiff states as follows:

> Since my incarceration on May 12, 2018, in [LMDC] I have been forced to go by an alias in their system (Patrick Wayne Wokulich) which is not my legal name. Due to this name discrepancy on medical releases sent to my physicians and/or pharmacies my medical and prescription medicine needs and requirements have not been adhered to properly causing other increased health issues that are not being properly addressed. I have many coronary, pulmonary, and neurological issues diagnosed by specialists in their field that have and are being neglected due to a lack of comunication between the facility and their medical staff with my outside physicians and pharmacy technicians in order to coordinate proper medical treatment and correct medication needs while my legal issues are being determined by due process in proper courts.

Plaintiff continues, "My health is deteriorating due to improper medical treatment and neglected needs based on the lack of communication with my health care specialists and family physician

due to a forced identity issue by [LMDC] not acknowledging my legal name, Jerome Thomas West, as used in my daily life."

As relief, Plaintiff seeks punitive damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues only LMDC. However, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Further, Louisville Metro Government is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Court therefore will construe the claim against LMDC as a claim brought against Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To satisfy the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a

municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he has been denied proper medical care because he is housed in LMDC under an alias. However, he does not allege that any action or inaction occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government. The complaint alleges isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claim against LMDC must be dismissed for failure to state a claim upon which relief may be granted.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his complaint to name the specific individuals whom he alleges violated his rights.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against Defendant LMDC is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint**. He must include **all claims** he wishes to assert in this action as the amended complaint will supersede the original complaint. Plaintiff must name as Defendants the specific individuals whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual defendant. He must also sue Defendants in their individual capacities. The Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

**Plaintiff is WARNED that his failure to fully comply with this Memorandum Opinion and Order within the time allotted will result in DISMISSAL of the instant action**.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein**.

Date: January 8, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Jefferson County Attorney
4411.010

5